IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES E. BAKER, III             )
                                )
              Plaintiff,        )
                                )
v.                              )    Civil Action No. 3:24-cv-147–HEH
                                )    Civil Action No. 3:24-cv-148–HEH
BELINDA GUYTON-WILLIAMS,        )
*et. al.*                       )
                                )
              Defendants.       )

## MEMORANDUM OPINION
(Granting Defendants' Request to Consolidate Cases and Motion to Dismiss)

THIS MATTER is before the Court on Defendants Belinda Guyton-Williams, Jeannie Rivers, Adrienne Grey, Michele Reaves, and J. Ronald Johnson's (collectively, "Defendants") Motion to Dismiss for Failure to State a Claim (the "Motion," ECF No. 11),[1] and request to consolidate the cases Nos. 3:24-cv-147 and 3:24-cv-148. The parties have each filed memoranda supporting their respective positions. Defendants' Motion is ripe for this Court's review. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before it, and oral argument would not aid in the decisional process. *See* E.D. VA. LOC. CIV. R. 7(J). For the following reasons, the Court will grant Defendants' Motion.

---

[1] Because the Amended Complaints in these cases are identical, the Court will refer solely to the ECF numbers from the case filed first, No. 3:24-cv-147, unless noted otherwise.

## I. BACKGROUND

By June of 2020, Plaintiff—a disabled veteran suffering from post-traumatic stress disorder—had been a federal employee at the McGuire VA Medical Center ("Center"), located in Richmond, Virginia, for about eleven (11) months. (Compl., Ex. 1 at 15, ECF No. 6-1.) Plaintiff alleges that on June 10, 2020, he was fired because of his service-related disability and his tumultuous relationship with his superiors, particularly Defendant Belinda Guyton-Williams. (*Id.* at 18.) Defendants include Plaintiff's direct supervisors Belinda Guyton-Williams (Surgical Department Supervisor), Jeannie Rivers (Director, Surgical Department), and J. Ronald Johnson (Director, Surgical Department), as well as two administrative staff members employed by the Center, Adrienne Grey (Administrative Officer) and Michele Reeves (Administrative Officer).

In attachments to his original Complaint, Plaintiff states Defendants violated the Center's leave policy, committed disability discrimination concerning leave, and engaged in retaliatory harassment. (*See* Compl., Ex. 1 at 14–16.) For example, because of his disability, Plaintiff left work early during a snowstorm and was charged as "absent without leave" in the timekeeping system. (*Id.* at 30, 37.) After complaining about this to staff, the time code changed to "leave without pay." (*Id.*) Plaintiff alleges both time codes were improper under VA policy. (*Id.*) After his termination, Plaintiff returned to the Center for a medical appointment and, while waiting in his vehicle, was accused of trespassing. (*Id.* at 16.) Police officers asked him to leave the premises, but Plaintiff was allowed to remain after showing proof of his scheduled medical appointment. (*Id.*)

In his Amended Complaint, Plaintiff's employment discrimination claim against Defendants includes retaliation, harassment, wrongful termination, and discrimination based on his service-related disabilities. (Am. Compl. at 3–6, ECF No. 7.) Plaintiff seeks reinstatement to federal civil service with back pay and leave entitlements. (*Id.* at 7.)

On February 29, 2024, Plaintiff filed two nearly identical cases, 3:24-cv-147 and 3:24-cv-148, with a Motion to Proceed *In Forma Pauperis* in both cases. (ECF Nos. 1–2, 3). Plaintiff filed original complaints[2] on September 9, 2024 (ECF No. 6) and the amended complaints[3] on September 18, 2024. (ECF No. 7.) Defendants filed an identical Motion to Dismiss in both cases on November 22, 2024, raising three (3) defenses: (1) Plaintiff named improper defendants, (2) Plaintiff has not identified a valid cause of action, and (3) Plaintiff fails to state a claim upon which relief can be granted. (ECF Nos. 11, 12.) Defendants also request consolidation of Plaintiff's two cases, or to dismiss one case as duplicative.

## II. LEGAL STANDARD

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or

---

[2] The Court notes that Plaintiff originally filed two separate, standard form complaints for (1) violation of civil rights in No. 3:24-cv-147, and (2) employment discrimination in No. 3:24-cv-148.

[3] Despite the earlier separate claims, the Amended Complaint solely contains a claim for employment discrimination. Moreover, Plaintiff filed the same amended complaint in both cases. (*Compare* No. 3:24-cv-147, ECF No. 7 *with* No. 3:24-cv-148, ECF No. 8.) Because these two amended complaints are identical, the Court's ruling applies to both cases.

the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). For a complaint to be sufficient under Rule 12(b)(6), a plaintiff must assert "[f]actual allegations" that are "enough to raise a right to relief above the speculative level" to one that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). The facts alleged must be sufficient to "state all elements of [any] claim[s]." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). When considering a Rule 12(b)(6) motion to dismiss, a court must accept as true all well-pleaded allegations. *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

It is well established that district courts must liberally construe a *pro se* litigant's complaint. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). However, courts need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleadings to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs. of Baltimore*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

When an amended complaint is submitted to the court, the allegations of the first complaint are set aside. *Jeffrey M. Brown Assocs. v. Rockville Ctr., Inc.*, 7 F. App'x 197,

4

202 (4th Cir. 2001). However, exhibits to the first complaint may not be superseded by the amended complaint if the amended complaint "effectively integrates them." *Id.* Here, although, Plaintiff did not attach to his Amended Complaint documents that he had attached to his original Complaint, he did reference one of those documents. Specifically, his Amended Complaint referenced the "Civil Action Impact Statement-1/23/24." (ECF No. 7 at 5.) Because this document was attached to the original complaint and is sufficiently referenced in the Amended Complaint, the Court considers this document when deciding the Motion.

### III. DISCUSSION

#### a. Consolidation of Cases

Plaintiff filed two cases, 3:24-cv-147 and 3:24-cv-148, against the same parties. The two cases contain identical amended complaints. (*Compare* Am. Compl., No. 3:24-cv-147, ECF No. 7 *with* Am. Compl., No. 3:24-cv-148, ECF No. 8.) In their memoranda in support of this Motion, Defendants note that the same claims are asserted in both cases, such that "the cases should either be consolidated or one of the cases dismissed as duplicative." (ECF No. 12, at 1 n.1.)

Federal Rule of Civil Procedure 42 provides in part, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). Further, district courts have broad discretion under this rule to consolidate cases pending in the same district. *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928, 933 (4th Cir. 1977). In determining whether to consolidate, district courts must decide "whether the specific risks of prejudice and

possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties [and] witnesses . . . posed by multiple lawsuits." *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982), *rev'd en banc on other grounds*, 712 F.2d 899 (4th Cir. 1983).

The Amended Complaints name the same parties and allege the same facts and claims, which resulted in Defendants filing the same answer in both cases. (*Compare* No. 3:24-cv-147, ECF Nos. 7, 11–12, 15–16, *with* No. 3:24-cv-148, ECF Nos. 8, 12–13, 16–17.) Allowing Plaintiff to litigate in two separate cases would "result in duplication of efforts by the parties as well as the Court[] and would create the risk of inconsistent judgments. The benefits of consolidation, avoiding inconsistent judgments and promoting efficiency, significantly outweigh any potential prejudice or confusion caused by consolidation of the cases." *Norfolk Coating Servs., LLC v The Sherwin-Williams Co.*, Nos. 2:14cv188-HCM-TEM & 2:14cv212-TEM, 2014 WL 4365449, at *2 (E.D. Va. Sept. 2, 2014). Therefore, Defendants' request to consolidate these cases will be granted.

### b. Employment Discrimination Claim under the Americans with Disabilities Act (ADA)

In the Amended Complaint, Plaintiff brings his employment discrimination claim under the Americans with Disabilities Act ("ADA"). (Am. Compl. at 3); 42 U.S.C. §§ 12112–12117. The Center, where Plaintiff was employed during the events alleged in the Amended Complaint, is part of the United States Department of Veterans Affairs, a federal agency. Plaintiff brings an employment discrimination claim against the Center based on his military-service-related disability. The Defendants named in this suit are

Plaintiff's direct supervisors and administrative staff, not the head of the Department of Veterans Affairs. In other words, Plaintiff's claim is that his supervisors violated the ADA in their role as federal employers.

The ADA, however, does not apply to the United States and federal agencies acting as employers. 42 U.S.C. § 12111(5)(B)(i) ("The term 'employer' does not include . . . the United States."); *Bartlett v. Dep't of the Treasury*, 749 F.3d 1, 5 n.20 (1st Cir. 2014) ("[T]he United States is explicitly excluded from the ADA's definition of 'employer' . . . and, consequently, as a federal employee, [Plaintiff] only may proceed under the Rehabilitation Act."); *Kruise v. Fanning*, 214 F. Supp. 3d 520, 527 (E.D. Va. 2016) ("[T]he ADA does not even apply to federal agencies.") *aff'd sub nom. Kruise v. Speer*, 693 F. App'x 213 (4th Cir. 2017). While the ADA does not govern disability discrimination in federal workplaces, the Rehabilitation Act does. *Vanyan v. Hagel*, 9 F. Supp. 3d 629, 637 (E.D. Va. 2014) ("The Rehabilitation Act prohibits federal agencies from discriminating against qualified employees based on a disability and provides the exclusive avenue for remedying such discrimination."). *See Green v. Garland*, No. 4:21-cv-2514-SAL-KDW, 2022 WL 3211217, at *14 (D.S.C. May 3, 2022) ("[A] federal employee's disability-related claims lie under the Rehabilitation Act, not the ADA."), *report and recommendation adopted* 2022 WL 2965634 (D.S.C. July 27, 2022). Although the Rehabilitation Act of 1973 applies the same standards as the ADA, 29 U.S.C. § 791(f), Plaintiff has not invoked that statute in this case. *See Beaudett*, 775 F.2d at 1276; *Gordon v. Leeke*, 574 F.2d 1147, 1151–52 (4th Cir. 1978) (holding that when a plaintiff pleads a claim that is theoretically colorable but fails to allege damages upon

7

which relief can be granted against the named defendants, he should be granted leave to amend his complaint).

Therefore, Plaintiff's employment discrimination claim under the ADA must be dismissed without prejudice. If Plaintiff intends to pursue an action under the Rehabilitation Act, he must file a new action or amend his complaint within thirty (30) days. *See* 29 U.S.C. §§ 791, 794a(a)(1); *Gordon*, 574 F.2d at 1151–53 (noting that when it is "theoretically possible" to prove a state of facts which would entitle the plaintiff to recover, but the plaintiff's "precise basis for recovery was not alleged," the plaintiff should be allowed "a reasonable opportunity to articulate his cause of action."). However, Plaintiff is warned that his amended complaint must cure the issues identified. More specifically, he must name both a proper defendant and a statute or other legal basis that states a claim. Failing to cure these issues in an amended complaint may result in the dismissal of this action with prejudice.

### c. Improperly Named Defendants

The Fourth Circuit has established that "[t]he only proper defendant to a federal-sector employment discrimination action . . . is the 'head of the department, agency, or unit." *Kim v. Potter*, No. DKC 09-2973, 2010 WL 2253656, at *3 (D.Md. 2010), *aff'd*, 416 F. App'x 297 (4th Cir. 2011); 42 U.S.C. § 2000e-16(c).

Here, Plaintiff has improperly named five Center employees as defendants: Belinda Guyton-Williams (a surgical department supervisor), Jeannie Rivers (a surgical director), Adrienne Gray (an administrative officer), Michelle Reeves (an administrative

officer), and J. Ronald Johnson (the surgical department director).[4] Each individual Defendant is employed by the Center, but none of these five individuals is the Secretary of the Department of Veterans Affairs,[5] or an agency or unit within that department. Therefore, Plaintiff failed to name a proper party defendant in his Amended Complaint. Because Plaintiff has not named a proper defendant, Plaintiff's employment discrimination claim against these five individual defendants will be dismissed without prejudice.[6]

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion (ECF No. 11) will be granted. The cases shall be consolidated and dismissed without prejudice. An appropriate order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: March 27, 2025
Richmond, Virginia

---

[4] The Court notes that Plaintiff named the McGuire VA Veterans Center Surgical Department as a sixth defendant in his first Complaint. (ECF No. 6.) However, this defendant was terminated in Plaintiff's Amended Complaint (ECF No. 7) and is therefore not considered in the current Motion.

[5] The Court notes that Plaintiff crossed out the name of the then-current Secretary for Veterans Affairs in his first Complaint and instead named the Defendants in this case.

[6] Even if Plaintiff invoked the Rehabilitation Act as noted above, Plaintiff's case as pled still fails given the deficiency in naming a proper defendant.

9